848 So.2d 30 (2003)
Edward W. GREENFIELD
v.
LYKES BROTHERS STEAMSHIP COMPANY.
No. 2002 CA 1377.
Court of Appeal of Louisiana, First Circuit.
May 9, 2003.
Rehearing Denied July 7, and July 22, 2003.
*31 Scott Bickford, Christopher Sherwood, New Orleans, Counsel for Plaintiff/Appellant Edward Greenfield.
John D. Cosmich, W. Scott Brown, New Orleans, Counsel for Defendant/Appellee Owens-Illinois, Inc.
Gary A. Lee, Johanna G. King, Brian Bossier, John M. Futrell, New Orleans, Counsel for Defendant/Appellee Avondale Industries, Inc.
Avery Lea Griffin, Leon Gary, Jr., Baton Rouge, Jefferson Tillery, New Orleans, Counsel for Defendant/Appellee Viacom, Inc., formerly CBS Corporation, Westinghouse Electric Corporation.
Charles V. Giordano, Tasha Hebert, Metairie, Counsel for Defendant/Appellee Rapid American Corporation.
Lynn Luker, Patrick D. McMurtray, Ashley Carter, New Orleans, Counsel for Defendants A-P Green Industries, Inc. Foster Wheeler, L.L.C.
Janet W. Marshall, New Orleans, Counsel for Defendant United Kingdom Mutual Steamship Association (Bermuda) Limited Marine Office of America Corp.
A. Wendell Stout, III, Janet MacDonell, New Orleans, Counsel for Defendant Gasket Holdings, Inc., formerly Flexitallic, Inc.
Stephen N. Elliott, Robert H. Wood, Metairie, Counsel for Defendant/Appellee Reilly-Benton, Co., Inc.
P. Bruin Hays, III, New Orleans, Counsel for Defendant John Crane.
Valerie T. Schexnayder, Metairie, Counsel for Defendant The Flintkote Company.
Glen M. Swetman, Metairie, Counsel for Defendants Garlock, Inc. Anchor Packing Company.
Kay B. Baxter, New Orleans, Counsel for Defendant ACandS, Inc.
*32 Larry G. Canada, New Orleans, Counsel for Defendant Combustion Engineering, Inc.
Blaine A. Moore, Lori P. Moser, New Orleans, Counsel for Defendant/Appellee Hopeman Brothers, Inc.
Before: KUHN, DOWNING and GAIDRY, JJ.
DOWNING, J.
Edward W. Greenfield appeals a judgment denying his motion for new trial after the trial court maintained an exception of prescription against him and in favor of Viacom, Inc.[1] Mr. Greenfield also appeals the trial court's judgment maintaining the exception of prescription in favor of Hopeman Bros., Inc., Avondale Industries, Inc., Owens-Illinois, Inc., Reilly-Benton Co., Inc., and Rapid American Corporation.[2] Concluding that appellees have failed to prove entitlement to judgment in their favor on the exceptions of prescription, we reverse the judgment of the trial court and remand this matter for further proceedings.

FACTS AND PROCEDURAL HISTORY
Mr. Edward Greenfield filed suit against his employer on September 19, 1995, alleging admiralty and maritime claims arising out of his exposure to materials containing asbestos fibers while servicing his employers' fleet of vessels. His petition alleged that he worked as a marine engineer from 1946 to 1985. In his Fourth Supplemental and Amended Petition, filed on December 29, 1997, Mr. Greenfield added more defendants including those named in the judgment at issue: Viacom, Inc., Hopeman Bros., Inc., Avondale Industries, Inc., Owens-Illinois, Inc., Reilly-Benton Co., Inc., and Rapid American Corporation. These defendants allegedly manufactured, distributed, or used asbestos-containing building products in the construction or repair of the vessels. Mr. Greenfield asserts negligence and products liability claims against these defendants. This fourth amending petition generally alleged products liability claims against these defendants.
On July 27, 2001, Viacom filed an exception of prescription, which was set for hearing on October 15, 2001. At the hearing on the exception neither party actually introduced any evidence. The matter was submitted on the briefs and argument of counsel. The trial court orally ruled that it would maintain the exception in favor of Viacom. On November 15, 2001, the trial court signed a judgment accordingly. On the same day, the trial court signed an ex parte order allowing Viacom to file certain *33 discovery responses and deposition excerpts, referred to during argument at the hearing, into the record.
On November 29, 2001, Mr. Greenfield filed a motion for new trial, which was set for hearing on February 11, 2002. Several other defendants, appellees here, Hopeman Bros., Inc., Avondale Industries, Inc., Owens-Illinois, Inc., Reilly-Benton Co., Inc., and Rapid American Corporation, filed exceptions of prescription, which were also set for hearing on February 11, 2002. At the hearing, the trial court denied Mr. Greenfield's motion for new trial against Viacom. The trial court maintained the exceptions of prescription in favor of the moving defendants and against Mr. Greenfield. Judgment was signed accordingly on March 20, 2002.
Mr. Greenfield now appeals assigning four assignments of error: (1) he alleges the trial court erred in granting Viacom's exception of prescription because the claim was filed within the three year general maritime period of limitations; (2) he alleges the trial court erred in finding that asbestos-related disease and asbestosis are not distinct diseases with different statutes of limitation under maritime law; (3) he alleges that the trial court erred in finding that the subsequent diagnosis of asbestosis does not begin a new prescriptive period under Louisiana law; and (4) he alleges that the trial court erred in finding that filing a lawsuit within one year of diagnosis of asbestosis does not interrupt prescription against solidary obligors sued more than one year after such diagnosis.

DISCUSSION
Preliminarily, we observe that "[t]he established rule in this circuit is that the denial of a motion for new trial is not an appealable judgment absent a showing of irreparable harm." Pittman v. Pittman, 01-2528, p. 3 (La.App. 1 Cir. 12/20/02), 836 So.2d 369, 372. Even so, we note that "the supreme court has directed us to consider an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits as well, when it is clear from the appellant's brief that he intended to appeal the merits of the case." Carpenter v. Hannan, 01-0467, p. 4 (La. App. 1 Cir. 3/28/02), 818 So.2d 226, 228-229, writ denied, 02-1707 (La.10/25/02), 827 So.2d 1153. Accordingly, we consider Mr. Greenfield's appeal of the judgment signed on November 15, 2001 in favor of Viacom on its merits. The appeal here is an appeal of the March 20, 2002 judgment as to the other defendants.
Ordinarily, the party raising the exception of prescription has the burden of proving the facts supporting the exception. But where a plaintiff's claims are prescribed on the face of the petition, the burden shifts to the plaintiff to prove a suspension or interruption of the prescriptive period. In the absence of evidence, the objection of prescription must be decided upon the facts alleged in the petition, and all allegations thereof are accepted as true. Doyle v. Mitsubishi Motor Sales of America, Inc., 99-0459, 99-0460, p. 5 (La. App. 1 Cir.3/31/00), 764 So.2d 1041, 1044.
No evidence was taken at the trial of Viacom's exception of prescription or at the trial of the other defendants/appellants' exceptions. While the record shows that Viacom filed certain interrogatories and deposition excerpts into the record approximately one month after the trial of its exception, these documents were never properly offered, introduced or admitted into evidence. Accordingly, neither the trial court nor the appellate courts can consider these documents. Welch v. Robert Campbell, Inc., 316 So.2d 822, 826 (La. App. 1 Cir.1975). Until such evidence was introduced, the opposing party would have no opportunity to legally confront possibly determinative evidence. Id.
*34 We also note that we previously remanded this matter for the trial court to supplement the record with the evidence it considered in making its rulings on the exceptions by March 26, 2003. No such supplementation or other response has been submitted.
Accordingly, we look to the faces of the various pleadings to determine whether Mr. Greenfield's claims against the several defendants have prescribed. For the following reasons, we conclude that they have not prescribed.
Here, Mr. Greenfield filed a petition and five amending petitions. Among his claims, he asserts that he suffers from a disease that developed from exposure over 39 years to various materials containing asbestos fibers. In Austin v. Abney Mills, Inc., 01-1598, pp. 25-26 (La.9/4/02), 824 So.2d 1137, 1154, the supreme court concluded "that the `significant tortious exposure' theory for determining when a cause of action accrued in a long-latency occupational disease case in which the plaintiff suffers from an illness or disease is when the exposures are `significant and such exposures later result in the manifestation of damages.'" The Supreme Court then held, "that `tortious exposures are significant when asbestos dust has so damaged the body that the fibrogenic effects of its inhalation will progress independently of further exposure.'" Austin, 01-1598, p. 25, 824 So.2d at 1154.
Here, from the face of the petition, as amended, we cannot discern when or whether asbestos dust has so damaged Mr. Greenfield that the fibrogenic effects of its inhalation will progress independently of further exposure. Nor can we determine when, if ever, Mr. Greenfield was on notice of such damage. Accordingly, the appellees have failed to establish when Mr. Greenfield's cause of action accrued for his claimed injuries. They, therefore, have failed to prove when prescription began to run. Further, even if we accepted the appellees' arguments from the trials on the exceptions as evidence, which we cannot, such purported evidence does not provide an answer to when or whether Mr. Greenfield's exposures to asbestos were significant under the supreme court's standard.
Louisiana Civil Code art. 1794 provides that "[a]n obligation is solidary for the obligors when each obligor is liable for the whole performance." And an interruption of prescription against one solidary obligor is effective against all other solidary obligors. La. C.C. arts. 1799 and 3503. The interruption continues while the suit is pending. La. C.C. art. 3463. Here, Mr. Greenfield has adequately alleged solidarity among the defendants such that timely interruption of prescription against one defendant would have interrupted prescription as to the others. And we observe that none of the appellees argue the nonexistence of solidarity if the lawsuit has been timely filed.
Accordingly, we conclude the trial court erred in granting the appellees' exceptions of prescription. We pretermit consideration of the other alleged trial court errors.

DECREE
For the foregoing reasons, we reverse the judgments of the trial court that maintained the exceptions of prescription in favor of Viacom, Inc., Hopeman Bros., Inc., Avondale Industries, Inc., Owens-Illinois, Inc., Reilly-Benton Co., Inc., and Rapid American Corporation. We remand this matter to the trial court for further proceedings. Costs are assessed to the defendants/appellees.
REVERSED AND REMANDED.
NOTES
[1] The petition was filed against Westinghouse Electric Corporation. Viacom, Inc. is the successor in interest to Westinghouse and the named party in the judgment.
[2] While all four assignments of error relate to "defendant, Westinghouse," it is apparent from the argument in brief that Mr. Greenfield is also challenging the efficacy of the judgment as to the other five named defendants on the same grounds that he is challenging the judgment rendered in favor of Viacom, Inc. In considering Mr. Greenfield's arguments in these regards, we note that La. C.C.P. art. 2129 states that assignments of error are not necessary in any appeal. Under La. C.C. P. arts. 2129 and 2164, together with Uniform Rules of Louisiana Court of Appeal, Rule 1-3, we have clear authority to consider the matters before us even though there are no specific assignments of error regarding the judgment in favor of these defendants/appellees. See Nicholas v. Allstate Insurance Co., 99-2522, pp. 7-8 (La.8/31/00), 765 So.2d 1017, 1022-1023. We also note that these defendants/appellees were served with appellant's brief and responded with their own appellees' briefs in which they generally adopted and supported Viacom's arguments.