845 So.2d 1275 (2003)
In re: MEDICAL REVIEW PANEL OF Raymond PIERSON.
No. 2002 CA 1598.
Court of Appeal of Louisiana, First Circuit.
May 9, 2003.
Steven M. Koenig, New Orleans, Counsel for Plaintiff/Appellee Gilda Coffee.
David Woolridge, Jr., Baton Rouge, Counsel for Defendant/Appellant The Louisiana Patient's Compensation Fund Oversight Board.
Before: FOIL, McCLENDON and KLINE,[1] JJ.
McCLENDON, J.
By this appeal, the Patient's Compensation Fund Oversight Board (PCF) contests a writ of mandamus issued by the trial court ordering it to file with its office a petition that is identical to one previously dismissed by the PCF for failure to comply with LSA-R.S. 40:1299.47 A(2)(c).[2] For *1276 the following reasons, we affirm the judgment of the trial court.
On November 3, 1999, Gilda Coffee filed a petition with the PCF, seeking damages for medical malpractice that allegedly occurred on or about November 30, 1998. Therein, she named as defendants Tenet Louisiana Health System d/b/a St. Charles General Hospital and NME Hospital, Dr. Ira Markowitz and American Continental Insurance Company, Dr. Markowitz's insurer.
The PCF notified all parties of the complaint and urged the parties to select an attorney chairman for the medical review panel as required by LSA-R.S. 40:1299.47 A(2)(c). By letter dated February 11, 2002, the PCF notified counsel for the claimant that it had dismissed the complaint due to the failure to appoint an attorney chairman within the allotted time.
On February 19, 2002, counsel for the plaintiff attempted to re-file the complaint with the PCF. The PCF refused the second complaint, noting that the initial complaint had been dismissed pursuant to LSA-R.S. 40:1299.47 A(2)(c).
On May 14, 2002, the plaintiff filed a petition for writ of mandamus in the Nineteenth Judicial District Court. After hearing the matter, the trial court rendered judgment in favor of the plaintiff, ordering the PCF to file the second complaint. The PCF appeals.
The Medical Malpractice Act, LSA-R.S. 40:1299.41 et seq., governs private health care providers. It constitutes a special legislative provision in derogation of the general rights available to tort victims and, therefore, must be strictly construed. Galloway v. Baton Rouge General Hosp., 602 So.2d 1003, 1005 (La.1992).
The language of LSA-R.S. 40:1299.47 A(2)(c) is clear. It provides solely for dismissal of a claim when no action has been taken to secure the appointment of an attorney chairman within the time frames set forth in that statute. It does not prohibit the re-filing of a claim previously dismissed for failure to secure an attorney chairman in a timely fashion or authorize the PCF to dismiss the claim with prejudice.[3] In fact, a careful reading of the Medical Malpractice Act reveals no statutory authority for the refusal to accept for filing a second, identical claim. Strictly construing the Medical Malpractice Act, we are bound to conclude that it was error for the PCF to refuse to perform this ministerial function. Therefore, the trial court did not err in ordering the PCF to file a second, identical malpractice complaint.
For the foregoing reasons, we affirm the judgment of the trial court. Costs, in the sum of $566.13, are assessed against the Patient's Compensation Fund Oversight Board.
AFFIRMED.
KLINE, J. Pro Tem., concurs with reasons.
FOIL, J., dissents.
*1277 KLINE, J. Pro Tem., Concurs.
I will respectfully concur with the result, stating the following: I can agree to affirm the trial court under the particular time frames of this case.
NOTES
[1] Hon. William F. Kline, Jr., retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] LSA-R.S. 40:1299.47 A(2)(c) provides:

The board shall dismiss a claim ninety days after giving notice by certified mail to the claimant or the claimant's attorney if no action has been taken by the claimant or the claimant's attorney to secure the appointment of an attorney chairman for the medical review panel within two years from the date the request for review of the claim was filed.
[3] The PCF argues that its dismissal of a complaint pursuant LSA-R.S. 40:1299.47 A(2)(c) "results in the parties waiving their right to have a claim reviewed by a medical review panel." It contends that this waiver precludes the re-filing of a claim. However, the clear language of this statute does not provide for the dismissal of the claim with prejudice. Dismissal with prejudice cannot be presumed and has been held to be inappropriate in similar statutory schemes. Cf. Morgan v. Hopkins, 36,506 (La.App. 2 Cir. 10/23/02), 830 So.2d 459, writ denied, 2002-2866 (La.1/31/03), 836 So.2d 71.