939 So.2d 391 (2006)
The ESTATE OF Kevin Anthony NICKS, Shawnell Wallace Nicks, Pierre Maurice Warner, Windel Warner, and Kevin Warner
v.
The PATIENT'S COMPENSATION FUND OVERSIGHT BOARD and the Patient's Compensation Fund.
No. 2005 CA 1624.
Court of Appeal of Louisiana, First Circuit.
June 21, 2006.
*393 Paul Rumage, New Orleans, Counsel for Plaintiff/Appellee, Shawnell Wallace Nicks.
David Woolridge, Jr., Baton Rouge, Counsel for Defendant/Appellant, The Patient's Compensation Fund Oversight Board and the Louisiana Patient's Compensation Fund.
Before: WHIPPLE, McCLENDON, and WELCH, JJ.
WHIPPLE, J.
In this mandamus proceeding, the Patient's Compensation Fund Oversight Board ("the Board") and the Louisiana Patient's Compensation Fund ("the PCF") appeal from a judgment of the trial court granting the issuance of a writ of mandamus directing the Board to reinstate the request for the formation of the medical review panel by the Estate of Kevin Anthony Nicks. For the following reasons, we reverse.

FACTS AND PROCEDURAL HISTORY
On October 17, 2003, plaintiffs, Shawnell Wallace Nicks, Pierre Maurice Warner, Windel Warner, and Kevin M. Warner, individually and as executors and representatives of the estate of their decedent, Kevin Anthony Nicks, requested the formation of a medical review panel to review a claim against St. Claude Medical Center, L.L.C., Harvey Malone, M.D., Caring Partners, L.L.C., and the Medical Center of Louisiana at New Orleans for alleged acts of malpractice commencing on or about October 19, 2002.
By letter dated November 7, 2003, the Board, through Cheryl Jackson, Malpractice Insurance Director, advised plaintiffs that the claim had been received, that certain named providers were qualified providers, and that the claim was assigned file number XXXX-XXXXX. The Board further cautioned that pursuant to the amendments to LSA-R.S. 40:1299.47 A(2)(c), as set forth in Acts 2003, No. 1263, "an attorney chairman must be appointed within one year of filing of the request for review" of the claim.[1]
*394 By letter to the Board and the Clerk of the Louisiana Supreme Court dated February 23, 2004, plaintiffs requested that "you select five names for candidates for attorney chairman in accordance with LSA-R.S. 40:1299.47 C(1)(a) so that we may begin the strike process." The Board then sent a letter to the Clerk of the Louisiana Supreme Court on March 11, 2004, advising that the parties "have not been able to agree on the selection of a chairman for the panel" and requesting that the Clerk furnish the Board with a list of attorneys from Orleans Parish. On March 18, 2004, the Clerk of the Louisiana Supreme Court sent a letter to the Board identifying five attorneys, drawn randomly, who resided or practiced in Orleans Parish.
Thereafter, by letter dated March 29, 2004, the Board furnished the list of these attorneys, and other information regarding the strike process to counsel for plaintiffs and counsel for the qualified healthcare providers. Receipt of the Board's letter was acknowledged by Susan E. Henning, counsel for one of the named healthcare providers, by letter dated April 13, 2004, and copied to counsel for plaintiffs and counsel for another healthcare provider.
The Board sent another letter to counsel for plaintiffs, dated July 20, 2004, informing plaintiffs that the Board had not received notice that an attorney chairman had been selected, and that pursuant to LSA-R.S. 40:1299.47 A(2)(c), as amended, "the attorney chairman must still be chosen and appointed prior to the one year allowed by Act 1263" or "the claim will be dismissed." (Emphasis in original.) Counsel for plaintiffs responded by letter dated July 23, 2004, contending that the Board had failed to respond to his February 23, 2004 request to initiate the strike process and requesting that "the strike process be initiated immediately."[2] However, in a subsequent memorandum in support of his motion to strike, he acknowledged that the Supreme Court had provided a list of five attorney candidates by letter dated March 18, 2004. Also attached to the memorandum was a copy of an envelope from the Board, addressed to him and postmarked April 1, 2004.
On October 1, 2004, Alexandra L. Kelly, counsel for another healthcare provider, sent a letter to plaintiffs' counsel advising that she and Henning were in agreement that Jack Wellman serve as attorney chairman for the panel. On October 27, 2004, Kelly sent a letter to counsel for plaintiffs advising that since "we are all in agreement as to choosing Jack Wellman as an attorney chairman in the Nicks matter, we will notify the PCF of our selection." Kelly then sent a second letter dated October 27, 2004, on behalf of all parties, notifying the Board that they "would like to select John R. Wellman as attorney chairman of the Medical Review Panel."
However, by certified mail letter, also dated October 27, 2004, the Board informed counsel for plaintiffs that the Board had "closed the above referenced matter due to the failure to appoint an *395 attorney chairman within the allotted time" as provided in LSA-R.S. 40:1299.47 A(2)(c), as amended. On November 17, 2004, the Board, through its Executive Director, Lorraine LeBlanc, sent plaintiffs' counsel a letter, apparently in response to a phone call from him, explaining that "this office appropriately dismiss[ed] the panel when no attorney chairman was appointed by October 17, 2004, one year from the date the request was filed. The notice to this office was dated October 27, 2004." The letter further stated, "Act 1263 of the 2003 Regular Session, states that this office `shall dismiss' the panel if there is no attorney chairman appointed within one year from the date a panel request is filed."
On November 19, 2004, plaintiffs filed a "Petition for Writ of Mandamus and Appeal" against the Board and the PCF requesting that the trial court maintain the malpractice complaint filed in this matter. On March 7, 2005, the matter was heard by the trial court and at the conclusion of the hearing, the trial court granted the writ of mandamus and ordered that the Board and the PCF reinstate this matter.[3]
On May 13, 2005, the trial court signed a written judgment in conformity with its ruling and ordered that a writ of mandamus issue directing the Board and the PCF to reinstate the request for the formation of a medical review panel in file number XXXX-XXXXX.[4] The judgment further stated that "[t]he issue of whether PCF case no. 2003-01862 should be consolidated with Division of Administration No. 03-MR-146 is pretermitted."[5]
The Board and the PCF filed the instant suspensive appeal from the judgment of the district court, assigning error to the court's issuance of the writ of mandamus directing the Board and the PCF to reinstate the claim.

DISCUSSION
The Medical Malpractice Act, LSA-R.S. 40:1299.41, et seq., governs private *396 health care providers. It constitutes a special legislative provision in derogation of the general rights available to tort victims and, therefore, must be strictly construed. In re: Medical Review Panel of Pierson, XXXX-XXXX (La.App. 1st Cir.5/09/03), 845 So.2d 1275, 1276, writ denied, XXXX-XXXX (La.10/10/03), 855 So.2d 324.
Louisiana Revised Statute 40:1299.47 A(2)(c) sets forth the provisions for the appointment of an attorney chairman for the medical review panel and provides for the dismissal of a claim if the Board has not received notice of the appointment of an attorney chairman within one year from the date the request for review of the claim was filed. The functions performed under this statute are considered "ministerial." In re: Medical Review Panel of Pierson, 845 So.2d at 1276.
A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. LSA-C.C.P. art. 3863. However, a writ of mandamus may only be issued in cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice. LSA-C.C.P. art. 3862. In mandamus proceedings against a public officer involving the performance of official duty, nothing can be inquired into but the question of duty on the face of the statute and the ministerial character of the duty he is charged to perform. Plaisance v. Davis, XXXX-XXXX (La.App. 1st Cir.11/07/03), 868 So.2d 711, 718, writ denied, XXXX-XXXX (La.2/13/04), 867 So.2d 699.
The Board and the PCF appeal, contending that the trial court erred in granting mandamus where LSA-R.S. 40:1299.47 A(2)(c) requires the Board to dismiss a claim if an attorney chairman is not appointed, and the Board is not notified of such appointment within one year of the filing of the claim.
Louisiana Revised Statute 40:1299.47 A(2)(c) provides:
An attorney chairman for the medical review panel shall be appointed within one year from the date the request for review of the claim was filed. Upon appointment of the attorney chairman, the parties shall notify the board of the name and address of the attorney chairman. If the board has not received notice of the appointment of an attorney chairman within nine months from the date the request for review of the claim was filed, then the board shall send notice to the parties by certified or registered mail that the claim will be dismissed in ninety days unless an attorney chairman is appointed within one year from the date the request for review of the claim was filed. If the board has not received notice of the appointment of an attorney chairman within one year from the date the request for review of the claim was filed, then the board shall promptly send notice to the parties by certified or registered mail that the claim has been dismissed for failure to appoint an attorney chairman and the parties shall be deemed to have waived the use of the medical review panel. The filing of a request for a medical review panel shall suspend the time within which suit must be filed until ninety days after the claim has been dismissed in accordance with this Section. (Emphasis added.)
The Board and the PCF contend that plaintiffs failed to introduce any evidence to show that an attorney chairman was appointed within one year from October 17, 2003, the date the claim was filed or that the Board was notified of their selection *397 of an attorney chairman within one year from the date the claim was filed.
Specifically, the Board and the PCF contend the notice received by the Board stated that the parties had agreed to the appointment of John R. Wellman as attorney chairman, yet does not disclose when the parties agreed upon Mr. Wellman. They further contend that the claim was properly rejected by the Board, noting that the letter was dated October 27, 2004 and was not received by the Board until November 1, 2004, approximately fourteen days after the one-year time limitation. Finally, the Board and the PCF contend that the Board acted properly considering the mandatory language in the statute, i.e., "shall," which, in this case required the Board to dismiss the untimely claim before it.
Contrariwise, plaintiffs, citing the former version of LSA-R.S. 40:1299.47 A(2)(c),[6] argue that their request to utilize the "strike process," as provided in LSA-R.S. 40:1299.47 C, constituted an "action" sufficient to interrupt the tolling of the time limitations even considering the present statute. However, section two of Acts 2003, No. 1263 provides that the provisions of the Act shall apply to claims filed on or after the effective date of the Act, i.e., July 7, 2003. Because this claim was filed on October 17, 2003, it is governed by the currently enacted version of LSA-R.S. 40:1299.47 A(2)(c). While conceding in brief that the statute, as currently written, requires the dismissal of a claim if the Board has not received notice of the appointment of an attorney chairman within a year from the date of filing of the request for review, plaintiffs argue that "there is nothing in the statute to suggest that the amendment in any way abrogates the rights of the parties to proceed through the strike process."[7] Therefore, plaintiffs contend, "the initiation of the strike process is sufficient to interrupt the one year requirement for the selection of the attorney chairman."
Louisiana Revised Statute 40:1299.47 C, as applicable herein, sets forth the procedures and time delays for the strike process and provides, in pertinent part, as follows with regard to the selection of the attorney chairman:
C. The medical review panel shall consist of three health care providers who hold unlimited licenses to practice their profession in Louisiana and one attorney. The parties may agree on the attorney member of the medical review panel. If no attorney for or representative of any health care provider named in the complaint has made an appearance in the proceedings or made written contact with the attorney for the plaintiff within forty-five days of the date of receipt of the notification to the health care provider and the insurer that the required filing fee has been received by the patient's compensation board as required by R.S. 40:1299.47(A)(1)(c), the attorney for the plaintiff may appoint the attorney member of the medical review panel for the purpose of convening *398 the panel. Such notice to the health care provider and the insurer shall be sent by registered or certified mail, return receipt requested. If no agreement can be reached, then the attorney member of the medical review panel shall be selected in the following manner:
(1)(a) The office of the clerk of the Louisiana Supreme Court, upon receipt of notification from the board, shall draw five names at random from the list of attorneys who reside or maintain an office in the parish which would be proper venue for the action in a court of law. The names of judges, magistrates, district attorneys and assistant district attorneys shall be excluded if drawn and new names drawn in their place. After selection of the attorney names, the office of the clerk of the supreme court shall notify the board of the names so selected. It shall be the duty of the board to notify the parties of the attorney names from which the parties may choose the attorney member of the panel within five days. If no agreement can be reached within five days, the parties shall immediately initiate a procedure of selecting the attorney by each striking two names alternately, with the claimant striking first and so advising the health care provider of the name of the attorney so stricken; thereafter, the health care provider and the claimant shall alternately strike until both sides have stricken two names and the remaining name shall be the attorney member of the panel. If either the plaintiff or defendant fails to strike, the clerk of the Louisiana Supreme Court shall strike for that party within five additional days.
(b) After the striking, the office of the board shall notify the attorney and all other parties of the name of the selected attorney.
Louisiana Revised Statute 40:1299.47 C clearly states that after the Board provides the parties with the five attorney names from which they may chose, if no agreement can be reached within five days, the parties shall immediately initiate a procedure of selecting the attorney by each striking two names alternately, with the claimant striking first and so advising the health care provider of the name of the attorneys so stricken.
In the instant case, the Board sent notice to the parties on March 29, 2004 of the five attorney names drawn by the Supreme Court. As stated above, receipt of the notice containing the names was acknowledged by Henning, counsel for one of the named healthcare providers, in a letter dated April 13, 2004, to the Board with copies sent to counsel for plaintiffs and counsel for another named healthcare provider. In the letter, counsel specifically stated, "[I]f [counsel for plaintiffs] is willing to do so, we will be pleased to consider his recommendation regarding the appointment of an experienced attorney to serve as Medical Review Panel chairman in this matter." There is no evidence in the record to show that the parties reached an agreement within five days, nor is there any evidence to document that plaintiffs or any other party "immediately" initiated the strike process as required by LSA-R.S. 40:1299.47 C.
Instead, the next correspondence found in the record is the letter dated July 20, 2004, from the Board to counsel for plaintiffs notifying counsel that pursuant to LSA-R.S. 40:1299.47 A(2)(c), the Board must receive notice of an attorney chairman selection within one year of the filing of the complaint, and reminding counsel that the Board has not received notice that an attorney chairman has been selected. *399 The Board further advised in the letter that:
If continued pursuit of this complaint is desired, an attorney chairperson shall be appointed by agreement of all parties or through the striking process. . . . [I]f the strike process is used, the attorney chairman must still be chosen and appointed prior to the one year allowed by Act 1263.
Even assuming arguendo that the parties reached an agreement at some earlier (but undocumented) date, the record undisputedly shows that no action was taken to notify the Board that the parties had agreed to the appointment of an attorney chairman until October 27, 2004, or ten days after the one-year time limitation expired.
Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. LSA-R.S. 1:3. "It is a well-established principle of statutory construction that absent clear evidence of a contrary legislative intention, a statute should be interpreted according to its plain language." Cleco Evangeline, LLC v. Louisiana Tax Commission, 2001-2162 (La.4/03/02), 813 So.2d 351, 354. In interpreting a statute, a court must give the words of a law their generally prevailing meaning. Louisiana Power and Light Company v. Slaughter, 2004-2361 (La. App. 1st Cir.11/04/05), 917 So.2d 532, 542. Further, the meaning of a word in a statute must be determined in the light of the statute as a whole. Cox Cable New Orleans, Inc. v. City of New Orleans, 624 So.2d 890, 894 (La.1993).
After a thorough reading of LSA-R.S. 40:1299.47 C and A, we find no support for plaintiffs' argument that initiation of the strike process interrupted the one-year limitation for the selection of an attorney chairman. The plain language of this statute, as written, specifies the time limitation. Moreover, although plaintiffs had the right to initiate the strike process, there is nothing to show the strikes ever occurred.
Further, we reject plaintiffs' contentions that their initial demand for the strike process to be initiated somehow relieved them of their duty to notify the Board of the eventual appointment of an attorney chairman, whether agreed upon or reached by the strike process, within the time constraints set forth in LSA-R.S. 40:1299.47 A(2)(c). As such, we find the Board properly dismissed the claim for review as required by LSA-R.S. 40:1299.47 A(2)(c) and that the trial court erred in granting plaintiffs' writ of mandamus. In doing so, we note that in its November 17, 2004 letter, the Board states "There is nothing in the Act that allows this office to reopen a panel that has been dismissed in accordance with the Act. Nor is there anything in the Act that gives this office the authority to extend the time allowed to appoint an attorney chairman." By our ruling this date, we express no opinion as to the propriety of this seeming dismissal with prejudice, as the issue of plaintiffs' entitlement to re-file a second, identical claim is not before us. See In re: Medical Review Panel of Pierson, 845 So.2d at 1276.
Moreover, we express no opinion as to whether the plaintiffs and health care providers, by their failure to timely name and give notice of the attorney chairman, are deemed to have waived the use of a medical review panel. See LSA-R.S. 40:1299.47 A(2)(c).

MOTION TO SUPPLEMENT
While this appeal was pending, the plaintiffs filed a "Motion to Supplement Record," seeking to supplement the record with a letter dated August 25, 2005, from the PCF to counsel for plaintiffs. According to plaintiffs, the letter renders any *400 ruling on the instant appeal moot. In the letter, the Board advises that although it believes that it correctly dismissed plaintiff's claim for review, because of the trial court's decision to reinstate the panel and at the request of the parties involved, the Board will send a notice to the selected attorney chairman, John Wellman. The Board further advises in the letter that it intends to continue with the appeal and that it "reserves all rights to prosecute the appeal of the trial court's opinion, despite the issuance of a notice appointing an attorney chairman."
In their motion to supplement, plaintiffs contend that "the consent of the Patient's Compensation Fund to the reinstatement of the medical review panel as expressed in the correspondence may moot the need for any review by this Honorable Court" and contend that by this letter the PCF "agreed to reinstate the medical review panel."
Pretermitting whether plaintiffs have correctly characterized the terms of the letter, we find this correspondence is not admissible on appeal by supplementation and has no effect upon the appealability of the judgment before us. We agree that under LSA-C.C.P. art. 2085, "[a]n appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him." However, in Coleman Oldsmobile, Inc. v. Johnson, 474 So.2d 20, 22 (La.App. 1st Cir.1985), this court held that defendant, for whom judgment was entered on his motion for damages, had not acquiesced in the judgment so as to forfeit his right to appeal, where he stated in his letters that he intended to file an appeal and explicitly reserved his right to appeal, while signing a document acknowledging satisfaction of judgment and authorizing cancellation of the mortgage inscription. Thus, even if we were to deem the letter properly before us, which we do not,[8] the PCF and the Board clearly stated that they intended to pursue their appeal and reserved their rights to appeal, such that they did not acquiesce in the judgment. Moreover, even if we treated the letter not as an evidentiary exhibit, but as a motion for dismissal based upon a mooted appeal, it is clear from the document, however captioned, that the plaintiffs did not acquiesce or settle. Accordingly, we deny plaintiffs' motion to supplement.

CONCLUSION
For the above and foregoing reasons, the May 13, 2005 judgment of the trial court is reversed. The motion to supplement the record on appeal is denied. Costs of this appeal are assessed against the Plaintiffs/Appellees, Shawnell Wallace Nicks, Pierre Maurice Warner, Windel Warner, and Kevin M. Warner, in their individual capacities and as executors and representatives of the Estate of Kevin Anthony Nicks.
JUDGMENT REVERSED; MOTION TO SUPPLEMENT RECORD DENIED.
MCCLENDON, J., concurs and assigns reasons.
WELCH, J., concurs and assigns reasons.
*401 WELCH, J., concurring.
While I agree with the conclusion reached by the majority that the trial court erred in granting the writ of mandamus and ordering the PCF to reinstate the plaintiff's claim, I believe that this conclusion should be based solely on the fact that the record contains no evidence that all of the parties had agreed to Jack Wellman being appointed as the attorney chairman of the medical review panel within one year of October 17, 2003.[1] Absent such evidence, the claim for review before the panel should be dismissed for the failure to appoint an attorney chairman in accordance with La. R.S. 40:1299.47(A)(2)(c).
Additionally, I write separately to point out that the only effect of the dismissal of the claim for the failure to appoint an attorney chairman within one year from the date the request for review was filed is that the parties  both the plaintiff and the defendants  are deemed to have waived the use of the medical review panel. See La. R.S. 40:1299.47(A)(2)(c), 40:1299.47(B)(1)(a)(i), and 40:1299.47(B)(1)(c).
For these reasons, I respectfully concur with the majority.
McCLENDON, J., concurs in the result.
I respectfully concur in the result, and agree with Judge Welch's finding that the only effect of the dismissal of the claim is that the parties are deemed to have waived the use of the medical review panel.
NOTES
[1] Acts 2003, No. 1263, § 2 provides, "[t]he provisions of this Act shall apply only to a claim filed on or after the effective date of this Act."

Acts 2003, No. 1263, § 3 provides:
This Act shall become effective upon signature by the governor or, if not signed by the governor, upon expiration of the time for bills to become law without signature by the governor, as provided in Article III, Section 18 of the Constitution of Louisiana. If vetoed by the governor and subsequently approved by the legislature, this Act shall become effective on the day following such approval.
Although the general effective date of laws enacted at the 2003 Regular Session is August 15, 2003, this Act was approved July 7, 2003.
[2] Although the letter was addressed to Jackson as Malpractice Insurance Director for the PCF, and does not specifically reference the Board, the letter states that court intervention will be sought by plaintiffs if the PCF delays the matter further. Throughout these proceedings, the parties refer to the Board and the PCF interchangeably, although the Board is the entity statutorily charged with the duties and responsibilities of management, administration, operation and defense of the PCF. See LSA-R.S. 40:1299.44 D(2)(a).
[3] The transcript states that argument by counsel was held before the district court at the hearing. However, the arguments are not transcribed, and therefore are not contained in the record for review.
[4] While the judgment speaks only to the grant of mandamus and is silent with regard to plaintiffs' "appeal," the transcript indicates that the Petition for Writ of Mandamus and Appeal were before the trial court. While the record contains no written or oral reasons for the judgment of the trial court and we are without the benefit of the transcript of the argument by counsel before the trial court, implicit in the trial court's finding granting mandamus relief is the grant of plaintiffs' "appeal."
[5] In plaintiffs' memorandum in support of their Petition for Writ of Mandamus and Appeal, plaintiffs alleged that they had also filed with the Division of Administration for the State of Louisiana a request for the formation of a medical review panel to review a medical malpractice claim against Charity Hospital and the State of Louisiana, New Orleans, and that their "state action" against the public health care provider was assigned file number 03-MR-146 by the Division of Administration. Plaintiffs noted that the parties to that action had selected an attorney chairman, had notified the appropriate authorities in a timely manner, and that the medical review panel proceeding therein was pending.

In plaintiffs' brief on appeal, plaintiffs argue that their "state action" and "private action" should be consolidated pursuant to LSA-R.S. 40:1299.49, which was enacted by Acts 2004, No. 183, § 1, and effective June 10, 2004. The instant record contains no documentation regarding the "state claim." Moreover, the Board contends in its reply brief that it also is not aware of any evidence to show that two claims were filed by plaintiffs. However, as plaintiffs did not answer this appeal challenging the trial court's decision to pretermit the issue of consolidation of these actions, we likewise pretermit discussion of same as this issue is not properly before us on review.
[6] Prior to amendment, LSA-R.S. 40:1299.47 A(2)(c) provided, as follows:

The board shall dismiss a claim ninety days after giving notice by certified mail to the claimant or the claimant's attorney if no action has been taken by the claimant or the claimant's attorney to secure the appointment of an attorney chairman for the medical review panel within two years from the date the request for review of the claim was filed.
[7] Although plaintiffs are correct in their assertion that LSA-R.S. 40:1299.47 C "was not amended" by Acts 2003, No. 1263, this portion of the statute was subsequently amended. See Acts 2004, No. 309, § 1 and Acts 2004, No. 311, § 1.
[8] In Greenfield v. Lykes Brothers Steamship Company, XXXX-XXXX (La.App. 1st Cir.5/09/03), 848 So.2d 30, and Williams Law Firm v. Board of Supervisors of Louisiana State University, XXXX-XXXX (La.App. 1st Cir.4/02/04), 878 So.2d 557, this court held that it lacks jurisdiction to order evidence filed into the appellate record where it was never filed into the district court record. As noted in Greenfield, neither the trial court nor the appellate courts can consider documents that are never properly offered, introduced, or admitted into evidence, as until such evidence is introduced, the opposing party has no opportunity to legally confront possibly determinative evidence. Greenfield, 848 So.2d at 33.
[1] The evidence in the record establishes that all parties had agreed to the appointment of Jack Wellman as the attorney chairman on October 27, 2004.