991 So.2d 58 (2008)
In re MEDICAL REVIEW PANEL PROCEEDINGS OF Ruth McCoy OUDER.
No. 2007 CA 1266.
Court of Appeal of Louisiana, First Circuit.
May 2, 2008.
*59 J. Kevin McNary, Covington, LA, for Ruth McCoy Ouder.
Deborah Deo Gracias Trahan, Covington, LA, for Defendant-Appellee, Fidel F. Sendra, M.D.
Mark W. Verret, Brett M. Bollinger, Elliot M. Lonker, Allen & Gooch, Metairie, LA, for Defendant-Appellee, NorthShore Regional Medical Center, L.L.C. d/b/a NorthShore Regional Medical Center.
David A. Woolridge, Jr., Carlton Jones, III, Roedel, Parsons, Koch, Blache, Balhoff & McCollister, A.L.C., Baton Rouge, LA, for Amicus Curiae, Louisiana Patient's Compensation Fund Oversight Board.
Before PARRO, KUHN, and DOWNING, JJ.
PARRO, J.
Ruth McCoy Ouder appeals a judgment that sustained exceptions raising the objection of prescription and dismissed her medical malpractice claims against Dr. Fidel F. Sendra and Northshore Regional Medical Center, L.L.C., d/b/a NorthShore Regional Medical Center (NorthShore). We affirm the judgment.

FACTUAL AND PROCEDURAL HISTORY
Dr. Fidel F. Sendra performed open-heart surgery on Ruth McCoy Ouder at NorthShore on April 23, 2004. A sponge used during the surgery was left in her, requiring corrective surgery to remove it the following day. By a letter dated March 8, 2005, Ms. Ouder filed a request for a medical review panel with the Louisiana Division of Administration to evaluate her medical malpractice claims against Dr. Sendra and NorthShore. This request was forwarded to the Louisiana Patient's Compensation Fund (PCF) and assigned PCF File No. 2005-458. In a letter dated March 21, 2005, the PCF acknowledged receipt of Ms. Ouder's request for a medical review panel and notified her, through her attorney, that a $200 filing fee must be paid within 45 days or the request would be rendered invalid and without effect and would not suspend the time within which suit must be instituted. After more than 45 days had elapsed without Ms. Ouder paying the filing fee or providing evidence that the fee should be waived, the PCF informed her, through a letter to her attorney on May 17, 2005, that the March 8, 2005 request was deemed invalid and without effect, and was "no longer considered filed by this office." Her remittance of the $200 filing fee on May 25, 2005, was rejected by the PCF as untimely and was refunded to her.
On June 29, 2005, Ms. Ouder again requested a medical review panel and sent the filing fee to the PCF with her request. This request was assigned PCF File No. 2005-1209; the proceeding before this court involves this filing. On September 1, 2006, Dr. Sendra filed a petition to institute a discovery docket in this proceeding *60 under the Louisiana Medical Malpractice Act. On September 11, 2006, Dr. Sendra moved to extend the life of the medical review panel considering the claim in PCF File No. 2005-1209. In November 2006, he and NorthShore filed exceptions raising the objection of prescription. The court sustained the exceptions and dismissed Ms. Ouder's medical malpractice claims against the defendants. The judgment was signed on February 8, 2007. Ms. Ouder's motion for a stay[1] and for a new trial were denied, and this suspensive appeal followed.

ANALYSIS
Louisiana Revised Statute 9:5628(A) states, in pertinent part:
No action for damages for injury or death against any physician, ... hospital or nursing home duly licensed under the laws of this state, ... whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect. (Emphasis added).
The prescriptive period for a medical malpractice claim commences upon the occurrence of the injury when the damages are immediately apparent. Baldini v. East Jefferson Gen. Hosp., 07-0489 (La.App. 5th Cir.1/22/08), 976 So.2d 746, 749. In this case, therefore, Ms. Ouder had one year from April 23, 2004, the date the sponge was left in her body and she was informed of that fact, to file her medical malpractice claim.[2]
All medical malpractice claims against qualified health care providers must be reviewed by a medical review panel before suit can be instituted against them. The procedure is initiated by filing a request for review of the claim by a medical review panel with the Louisiana Division of Administration, which forwards the request to the PCF. LSA-R.S. 40:1299.47(A). Louisiana Revised Statute 40:1299.47(A)(2)(a) states, in pertinent part:
The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, ... until ninety days following notification, by certified mail, ... to the claimant or his attorney of the issuance of the opinion by the medical review panel.... (Emphasis added).
In a medical malpractice action in which the plaintiffs application for a medical review panel serves initially as the petition and functions to suspend the running of prescription, the health care provider can assert any exception pursuant to LSA-R.S. 9:5628 in a court of competent jurisdiction and proper venue at any time without regard to whether the medical review panel process is complete. See LSA-R.S. 40: 1299.47(A)(2)(a) and (B)(2)(a).
*61 Ms. Ouder's July 29, 2005 letter to the Louisiana Commissioner of Administration asked for a medical review panel to be invoked through the PCF to review the professional conduct of Dr. Sendra and NorthShore. The letter described the alleged act of medical malpractice and stated, "The critical date of malpractice is April 23, 2004." The date of the alleged act of malpractice is more than a year before the date of this request for a medical review panel. Therefore, this claim was prescribed on its face. Ordinarily, the party pleading prescription bears the burden of proving the claim has prescribed. However, when the face of the petition reveals that the plaintiffs claim has prescribed, the burden shifts to the plaintiff to demonstrate that the running of prescription was suspended or interrupted. Lima v. Schmidt, 595 So.2d 624, 628 (La.1992). In this case, Ms. Ouder bore that burden of proof.
Ms. Ouder contends that her first request for the convening of a medical review panel on March 8, 2005, which was well within the one-year period for filing a medical malpractice claim, should be considered as the operative claim for the suspension of the prescriptive period. Ms. Ouder argues that the PCF exceeded its authority as an administrative agency and usurped judicial power when it deemed her timely initial filing invalid and without effect, simply because she did not timely remit the filing fee. The PCF claims it simply followed the statutory mandate of LSA-R.S. 40:1299.47(A)(1)(e), which states:
Failure to comply with the provisions of Subparagraph (c) [payment of filing fees of $100 per defendant] or (d) [waiver of filing fees] of this Paragraph within the specified time frame in Subparagraph (c) of this Paragraph [within 45 days from the confirmation of receipt of the request for review] shall render the request for review of a malpractice claim invalid and without effect. Such an invalid request for review of a malpractice claim shall not suspend time within which suit must be instituted in Subparagraph (2)(a) of this Subsection. (Emphasis added).
Ms. Ouder cites the case of Golden v. Patient's Comp. Fund Oversight Bd., 40,801 (La.App. 2nd Cir.3/8/06), 924 So.2d 459, writ denied, 06-0837 (La.6/2/06), 929 So.2d 1261, as support for her position that the PCF exceeded its authority. In that case, the PCF refused a check that it received several days beyond the 45-day deadline and refused to take further steps to convene a medical review panel. The claimant then filed a petition for writ of mandamus in the district court, which was granted. The Second Circuit affirmed the judgment of the district court on the basis that the PCF's action was the equivalent of asserting an objection of prescription, which it could not do. The court stated that "[t]he PCF Board is granted no authority in the law to issue a `declaration' stopping the process, except implicitly to the extent that the filing fee is never paid." Golden, 924 So.2d at 463. Therefore, it found the filing was valid and ordered the PCF to convene a panel. In analyzing the statute, the court stated:
Apparently, the PCF Board would interpret the statutory language, "invalid and without effect," more broadly than just causing an impact on the suspension of prescription. It would render Golden's claim totally invalid regardless of whether or not the applicable prescriptive time for the action was close to being tolled.
* * *
[T]he view that Golden's filing fee submission, reputedly received two days *62 late, results in the total invalidity of the claim, over and beyond the concept of prescription, is absurd. For example, if the act of malpractice or Golden's discovery of the malpractice had occurred only days before her initial filing of the claim in May 2004, her two-day delinquency in July 2004 could not cause the total invalidity of her claim, which would effectively impose a two-month prescriptive period on it.
Despite any delinquency in the submission of the filing fee, even with the statute's suspending effect on prescription briefly ending, the panel process may continue, prescription has not necessarily run, and suspension begins anew. Interpreting the effect of suspension of prescription caused by the panel review process, the Supreme Court has indicated that upon conclusion of suspension, as provided in the MMA, plaintiffs are entitled to the period of time under La. R.S. 9:5628 that remains unused when the request for a medical review panel was filed. Guitreau v. Kucharchuk, 99-2570 (La.5/16/2000), 763 So.2d 575. Likewise, the First Circuit properly mandamused the PCF Board for its refusal to allow the refiling of a claim in the Pierson case, [In re Medical Review Panel of Pierson, 02-1598 (La.App. 1st Cir.5/9/03), 845 So.2d 1275, writ denied, 03-1559 (La.10/10/03), 855 So.2d 324.] Considered together, those two cases show that the panel proceeding should continue.
* * *
[I]t is not the PCF Board's place to assert prescription and effectively dismiss plaintiffs claim with prejudice. The defendant alone may choose to assert prescription.
Golden, 924 So.2d at 463-64.
In this court's Pierson case cited above, the parties failed to appoint an attorney chairman within the time allotted by LSA-R.S. 40:1299.47(A)(2)(c), and the PCF advised the claimant that it had dismissed the complaint. The claimant then submitted a second request for a medical review panel, which the PCF refused. The claimant then filed a petition for writ of mandamus in the district court, which the district court granted, ordering the PCF to accept and file the second complaint. This court affirmed that judgment, commenting that although the language of the statute provides for dismissal of a claim when no action has been taken to secure the timely appointment of an attorney chairman, the statute does not prohibit the re-filing of the claim or authorize the PCF to dismiss the claim with prejudice. Pierson, 845 So.2d at 1276. The opinion did not address whether either the first or the second-filed complaint would be considered timely. Moreover, in the matter before us, the PCF accepted and filed the second complaint. Therefore, the Pierson holding has no application to the matter we are reviewing.
This court has recently considered several other cases raising the issue of whether, despite a late payment of a filing fee or a late production of an in forma pauperis certificate, the claimant's otherwise timely request for a medical review panel can be deemed timely for the purpose of suspending the prescriptive period for bringing the medical malpractice claim. In Lane v. Patient's Comp. Fund Oversight Bd., 07-0150 (La.App. 1st Cir.2/27/08), ___ So.2d ___, 2008 WL 508645, the claimant filed a timely request for a medical review panel, but did not timely submit the filing fee or a certificate showing in forma pauperis status. However, she eventually provided an in forma pauperis certificate that stated it was retroactive to the original date when her claim was filed. The PCF refused *63 to accept this certificate on the basis that it was untimely and stated her claim was invalid and without effect. The claimant then filed a rule to show cause in the district court, where the court ruled that she was indigent as of the day of the original filing and that the PCF must deem that original request for a medical review panel as timely. This court noted that when the rule to show cause was filed, no defendants were named, and the only party upon which service was requested was the PCF, Although the rule to show cause did not specifically seek a declaratory judgment, the trial court's judgment declared that her medical review panel request must be deemed as timely filed. Analogizing this situation to a suit for declaratory judgment, this court vacated the judgment and remanded to the district court, because the health care provider had not been named or served. Lane, ___ So.2d at ___. No decision on the merits was rendered.
The case of Bosarge v. Louisiana Patient's Comp. Fund, 06-1354 (La.App. 1st Cir.5/4/07), 960 So.2d 1063, involved a late filing fee. When the PCF refused to accept the untimely filing fee, the claimants filed a petition for judicial review of that decision in the district court. The district court ruled in favor of the plaintiffs and declared that the complaint was to be deemed filed as of the date of the original letter requesting a medical review panel. When this court reviewed the case, it determined that the petition for judicial review was not an appropriate proceeding, but considered the matter as a suit for declaratory judgment. Holding that the defendant in the underlying medical malpractice action should have been made a party to the plaintiffs' suit for a declaratory judgment, this court vacated the trial court's judgment and remanded the matter to allow the defendant to be made a party to the plaintiffs' suit. Bosarge, 960 So.2d at 1067-68. Again, this case did not address the substantive merits of the suit for declaratory judgment.
Another factually similar case this court has considered is Latiolais v. Jackson, 06-2403 (La.App. 1st Cir.11/2/07), 979 So.2d 489. There, an original request for a medical review panel was timely, but the filing fee was not timely submitted and PCF dismissed the claim as "no longer considered filed." The claimant refiled his request for a medical review panel, which was received by PCF and assigned a new file number. Within the time limits applicable to the second filing, an in forma pauperis certificate was submitted. The claimant contended this certificate applied to both filings, thus curing any problems with the original request for a medical review panel. Apparently the timeliness of the complaint was put at issue in the medical review panel proceedings, because the claimant eventually filed a petition for damages against the PCF and its medical malpractice director, alleging that his medical malpractice complaint was in the process of being dismissed as prescribed. He also sought a writ of mandamus ordering the defendants to reinstate his claim and rescind their dismissal of his first claim. The mandamus issue was tried, and the district court rendered judgment in his favor, ordering the defendants to reconstitute his petition under the original filing number, nullifying the PCF's declaration that the original filing was to be considered as not filed or without effect, ordering the PCF to receive the pauper order, and assessing all costs against the defendants. This court converted the PCF's appeal to an application for supervisory review, granted writs, and reversed the trial court, stating:
The trial court erred in granting mandamus in this case ordering the defendants to reconstitute Latiolais's January *64 21, 2004 petition and nullifying the PCF's declaration that the January 21, 2004 petition is considered as not filed or without effect. The PCF did not overstep its authority in this case as it did in Golden. Latiolais was not prevented from continuing the process, and in fact did proceed to assert his claim. The PCF accepted the filing of his April 27, 2004 petition and sent out the notice letter to all parties just as it had with the January 21, 2004 petition. Therefore, there is no basis for the trial court's judgment.
Latiolais, 979 So.2d at 493. Again, this decision does not address or decide the substantive issue before this court in the matter we are considering. Since this court has not yet ruled on this issue, we will turn to the decisions of other appellate courts to see if these can provide guidance.
Looking back at the Golden case from the Second Circuit, the clear implication from the decision is that claims such as Ms. Ouder's should be allowed to proceed. However, the court in that case was directing its attention to the action of the PCF, stating it did not have authority to "assert prescription and effectively dismiss plaintiffs claim with prejudice. The defendant alone may choose to assert prescription." Golden, 924 So.2d at 464. Unlike the Golden case, in the matter before us, the defendants did assert the exception raising the objection of prescription, and the claims were dismissed by the district court, not the PCF. Also, we note that the result of the Golden case was to reinstate the panel process initiated by the filing of the original complaint by the claimant. There was no second complaint filed in the Golden case. That is procedurally different from the matter before us, which only involves the second complaint filed by Ms. Ouder. The complaint that she originally filed is not part of this proceeding. Therefore, we cannot apply the Golden rationale in this case.
The Fourth Circuit was presented with an untimely in forma pauperis certificate in the case of In re Igwike, 06-0167 (La. App. 4th Cir.5/23/07), 959 So.2d 562. In that case, the claimant's request for a medical review panel was not accompanied by a filing fee or waiver of fee document. The PCF sent a letter to her attorney, telling him that the filing fee or waiver document must be received by the PCF in 45 days. Neither were provided within that time period, but an in forma pauperis affidavit was eventually provided to the PCF with a request for waiver of the filing fee. The PCF determined that the document was not timely, and refused to take any further action with respect to her claim. The claimant filed a petition for judicial review, and the district court denied her the relief sought and refused to reinstate the medical review panel process with respect to her claim. The Fourth Circuit determined that the PCF had followed all the notice requirements in the statute, and that her in forma pauperis affidavit was not received by the PCF within the applicable time period. Therefore, her request for a review of her malpractice claim was "invalid and without effect."
A recent Third Circuit case, In re Herring, 07-1087 (La.App. 3rd Cir.1/30/08), 974 So.2d 924, is factually and procedurally indistinguishable from the matter before us. There, the claimant filed a medical malpractice complaint against two health care providers and requested the PCF to convene a medical review panel. The PCF assigned a case number to the filing and advised that within 45 days, a filing fee in the amount of $200 must be paid. When that time period elapsed without payment of the fee, the PCF notified the claimant that his claim was "no longer considered *65 filed by this office." The claimant filed another complaint with the PCF, this time including the $200 filing fee. That second complaint was accepted by the PCF and assigned a case number. In the proceeding involving the second complaint, the defendants filed exceptions of prescription with the trial court, which were sustained. The plaintiff appealed the dismissal of his medical malpractice claims on several grounds, including the argument made by Ms. Ouder in this case that the PCF had exceeded its authority by dismissing his claims. Addressing that contention, the court stated, "This argument has no application here because the PCF director did not dismiss Mr. Herring's claims. The trial court dismissed his claims pursuant to exceptions of prescription filed by the defendants." Herring, 974 So.2d at 926. Citing Medical Review Panel of Davis v. Louisiana State Univ. Health Sciences Ctr. Shreveport, 41,273 (La.App. 2nd Cir.8/25/06), 939 So.2d 539, 543, writ denied, 06-2343 (La.12/8/06), 943 So.2d 1092, the Third Circuit also observed that "the filing of the complaint and the payment of the fee are inexorably joined. The complaint is not considered to be filed until the fee is paid." Herring, 974 So.2d at 926 (emphasis added). Therefore, the fee was not incidental to the complaint, nor was it a "defect" that could be removed by amendment of the complaint. The court concluded:
The clear language of subsection La. R.S. 40:1299.47(A)(1)(e) negates the application of this argument here, as it provides that failure to timely pay filing fees renders a complaint's request for review "invalid and without effect" and that such an invalid request does "not suspend time within which suit must be instituted." Mr. Herring's complaint had no effect because he failed to pay his filing fee as required by La.R.S. 40:1299.47(A)(1)(c). Therefore, it did not suspend the time within which suit had to be instituted, and there was no time remaining which allowed him to pay the filing fee more than forty-five days after the PCF's September 6 letter was mailed. La.R.S. 40:1299.47(A)(1)(e).
Herring, 974 So.2d at 926.
Again in the Baldini case from the Fifth Circuit, the claimant filed her request for a medical review panel without submitting the filing fees, and the PCF advised her attorney that if the fees were not paid within 45 days, her request for a medical review panel would be without effect and would not suspend the time for filing suit. After the 45 days elapsed, the PCF sent another letter to her attorney, stating that the complaint was "no longer considered filed" and was invalid and without effect due to the failure to pay filing fees. The claimant then filed a second request for a medical review panel and included the $300 fee with this request. The PCF accepted this filing. On the day she submitted her second filing to the PCF, she also filed a lawsuit against the health care providers. They filed exceptions raising the objection of prescription, since the lawsuit and the second filing with the PCF were filed after the one-year period for bringing her medical malpractice claim had prescribed. The trial court sustained the exceptions and dismissed her case. On her appeal of that judgment, the Fifth Circuit stated:
Because plaintiffs second Petition for Damages and second PCF complaint were filed over one year after the date of the alleged malpractice, plaintiffs claims have prescribed on their face. Consequently, on defendants' Exceptions of Prescription, the burden shifted to plaintiff to show that her claims had not prescribed. The trial court found that plaintiff did not meet this burden. We agree.
*66 Baldini, 976 So.2d at 749. Analyzing the question of whether her initial filing should still be considered valid and should suspend the time within which suit must be filed, the court stated:
Plaintiff further contends that the PCF incorrectly determined that the filing of plaintiffs medical malpractice [first] complaint on December 1, 2005 was untimely due to failure to timely pay filing fees. However, the PCF did not determine that plaintiff's first complaint filed December 1, 2005 was untimely. Rather, the PCF sent a letter to plaintiff's counsel notifying him that plaintiffs complaint was "no longer considered filed" and was invalid and without effect due to plaintiffs failure to pay filing fees. In fact, the PCF never found either of plaintiffs complaints or requests for a medical review panel to be untimely. Further, although plaintiff argues that her December 1, 2005 complaint should not have been rendered invalid due to failure to pay filing fees, plaintiff never took any action or filed any pleadings, such as a mandamus action, to contest the PCF's determination that her first complaint was invalid and without effect. Instead, plaintiff simply filed a second lawsuit and a new, second request for a medical review panel and included the $300 fee with this request.
* * *
An invalid request for review of a malpractice claim does not suspend the time within which suit must be instituted, as per LSA-R.S. 40:1299.47A(1)(e). Without interruption or suspension of prescription in this case, plaintiffs Petition for Damages and second request for a medical review panel filed April 25, 2006 were untimely, because they were not filed within one year of the alleged malpractice. Considering the record before us, the parties' arguments, and the applicable law, we find that the trial court did not err in granting defendants' Exceptions of Prescription.
Baldini, 976 So.2d 746, 752-53.
The Herring and Baldini cases are directly on point, and we agree with the rationale used by the Third and Fifth Circuits in those cases and the decision of the Fourth Circuit in the Igwike case. The statute could not be more clear: failure to pay the filing fees within the allotted time period shall render the request for review of a malpractice claim invalid and without effect, and such an invalid request shall not suspend the time within which suit must be instituted. The operative date upon which prescription began to run in Ms. Ouder's case was April 23, 2004. Her initial complaint, PCF File No. 2005-458, was sent by certified mail by a letter dated March 8, 2005. On March 21, the PCF notified her attorney that filing fees had to be paid within 45 days or the complaint would not suspend the time within which suit must be instituted. The fees were not paid, and on May 17, 2005, the PCF advised that her case was "no longer considered filed." That invalid request for review of her malpractice claim did not suspend the time within which suit must be instituted.[3] Therefore, her second complaint filed with the PCF on June 29, *67 2005, beyond the one-year period for filing a medical malpractice claim, was prescribed.[4]

CONCLUSION
The judgment sustaining the exceptions raising the objection of prescription and dismissing Ms. Ouder's medical malpractice claim against Dr. Sendra and North-Shore is affirmed. All costs of this appeal are assessed to Ms. Ouder.
AFFIRMED.
NOTES
[1] According to a memorandum in the record, Ms. Ouder also filed a petition for writ of mandamus to require the PCF to allow the earlier-filed matter to proceed, as well as a declaratory judgment action to have the statute declared unconstitutional. After the court's reasons were assigned, but before the judgment in this case was signed, Ms. Ouder filed a motion to stay until those other cases were concluded. That motion was denied by the trial court in a judgment signed March 21, 2007.
[2] See LSA-C.C art. 3454.
[3] In so concluding, we find no conflict with the supreme court's conclusion in Guitreau v. Kucharchuk, 99-2570 (La.5/16/00), 763 So.2d 575, 579, that when the statutory 90-day period of suspension after the decision of the medical review panel is completed, plaintiffs in medical malpractice actions are entitled to the remainder of the prescriptive period that was unused at the time their request for a medical review panel was filed. That case presumes the request for a medical review panel, which started the suspensive period, was valid. An invalid request has no such suspensive effect.
[4] In briefs to the trial court and this court, Ms. Ouder claimed LSA-R.S. 40:1299.47(A)(1)(e) violated both the Louisiana and the United States Constitutions. However, those arguments were not raised in pleadings, and there is no indication that the Attorney General was served with a copy of the proceeding. See Vallo v. Gayle Oil Co., Inc., 94-1238 (La. 11/30/94), 646 So.2d 859. Therefore, we agree with the trial court that the constitutionality issue was not properly raised in this proceeding.