NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-1096

IN THE MATTER OF THE

PROFESSIONAL LIABILITY CLAIM

OF ALPHIE RIDEAUX

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2011-5312
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Jimmie C. Peters, Judges.

AFFIRMED.

Alan K. Breaud
Timothy W. Basden
Breaud & Meyers
P. O. Drawer 3448
Lafayette, LA 70502
(337) 266-2200
COUNSEL FOR DEFENDANT/APPELLEE:
    Bruce A. Jones, M.D.

**Gregory Bryan Dean**
**Dean Law Office**
**P. O. Drawer 280**
**Opelousas, LA 70571-0280**
**(337) 942-5111**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Alphie Ribeaux**

**James Steven Gates**
**Morrow, Gates, & Morrow, L.L.C.**
**P. O. Drawer 219**
**Opelousas, LA 70571-0219**
**(337) 942-6529**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Alphie Ribeaux**

**SAUNDERS, J.**

This case involves the timeliness of a medical malpractice complaint. Plaintiff filed a complaint and failed to include the necessary filing fee for two named defendants. The trial court granted defendant's peremptory exception of prescription due to a lack of interruption based on the absence of the necessary filing fee. Plaintiff appeals.

**FACTS AND PROCEDURAL HISTORY**

On June 27, 2008, Plaintiff-Appellant, Alphie Rideaux ("Rideaux"), was admitted to Lafayette General Medical Center ("Lafayette General") and underwent a procedure for micro-valve prolapse, which was performed by Dr. Bruce A. Jones ("Dr. Jones"). On June 29, 2009, Rideaux mailed and faxed, through her attorney, a request for a medical review panel. The medical malpractice complaint ("the complaint") was received by the Louisiana Patient Compensation Fund ("the LPCF") on July 1, 2009, and was entitled "Alphie Rideaux v. Bruce A. Jones, M.D. and Lafayette General Medical Center." The complaint alleged medical malpractice on the part Dr. Jones and Lafayette General, which occurred between June 27, 2008 and July 4, 2008. Rideaux tendered $100.00 as a filing fee with the complaint.[1]

On July 6, 2009, the LPCF mailed a confirmation of receipt of the filing of the complaint to Rideaux's counsel. The confirmation advised Rideaux that the filing fee of $100.00 was insufficient as the complaint named two defendants and, therefore, the correct filing fee was $200.00. The confirmation also notified Rideaux that if the appropriate filing fee was not paid within forty-five days of the

---

[1] Under La.R.S. 40-1299.47(A)(1)(c), the filing fee for the initiation of a malpractice claim with the LPCF is "one hundred dollars per named defendant."

date of the confirmation notice, the filing of the complaint would be without effect.[2]

Under La.R.S. 40:1299.47(A)(1)(e), the failure to pay the appropriate filing fee within the forty-five day period renders the original filing invalid and without effect. Furthermore, the request for a review panel does not interrupt prescription if the claimant fails to pay the appropriate filing fee. *Id.*

On September 15, 2009, the LPCF mailed a notice to Rideaux's counsel that the complaint was invalid and without effect due to the failure to pay the appropriate filing fee of $200.00 within forty-five days (August 20, 2009) of the mailing of the confirmation of receipt for request for review.

On June 17, 2010, counsel of Rideaux notified the LPCF that he desired to dismiss the claim against Lafayette General Medical Center. The LPCF, on July 19, 2011, sent correspondence to Rideaux's counsel advising it would commence a review panel proceeding involving only the claim against Dr. Jones. The LPCF further acknowledged that Lafayette General was dismissed and that the earlier invalidation of Rideaux's claim was rescinded.

After the LPCF began the process of convening a review panel, Dr. Jones filed a petition to have a docket number assigned in the Fifteenth Judicial District for the purpose of asserting an exception of prescription. Immediately after the docket number was assigned, Dr. Jones filed a peremptory exception of prescription.

The peremptory exception of prescription came before the trial court on February 13, 2012. The trial court granted the exception and dismissed all claims. Rideaux appeals.

---

[2] The forty-five day period discussed in the confirmation of receipt is established in La. R.S. 40:1299.47(A)(1)(c), which provides that the filing fee of $100.00 per defendant must be paid within "forty-five days from the mailing date of the confirmation of receipt of the request for review."

## ASSIGNMENT OF ERROR

Rideaux appeals the decision of the trial court dismissing her claim based on the assertions that the LPCF rescinded its invalidity notice and reinstated the panel and because Rideaux dismissed one potential defendant and decided to solely proceed against Dr. Jones.

## LAW AND ANALYSIS

Medical malpractice claims must be brought within one year of the date of the alleged negligent treatment. La.R.S. 9:5628(A). In order to interrupt prescription, a claimant in a medical malpractice action must file a request with the Division of Administration to convene a medical review panel. This claim is deemed to be filed on the date the request is received by the Division of Administration. La.R.S. 40:1299.47(A)(2)(b).

The filing fee for a request for a medical review panel is set by statute. Under La.R.S. 40:1299.47(A)(1)(c), the filing fee for the initiation of a malpractice claim is "one hundred dollars per named defendant." This filing fee of one hundred dollars per named defendant must be paid within forty-five days "from the mailing date of the confirmation of receipt of the request for review." La.R.S. 40:1299.47(A)(1)(c).

A "confirmation of receipt," issued by the LPCF following the filing of a request for review, has certain requirements. Under La.R.S. 40:1299.47(A)(3), the confirmation must comply with the following:

> It shall be the duty of the board within fifteen days of the receipt of the claim by the board to:
>
> > (a) Confirm to the claimant by certified mail, return receipt requested, that the filing has been officially received and whether or not the named defendant or defendants have qualified under this Part.

(b) In the confirmation to the claimant pursuant to Subparagraph (a) of this Paragraph, notify the claimant of the amount of the filing fee due and the time frame within which such fee is due to the board, and that upon failure to comply with the provisions of Subparagraph (1)(c) or (d) of this Subsection, the request for review of a malpractice claim is invalid and without effect and that the request shall not suspend the time within which suit must be instituted in Subparagraph (2)(a) of this Subsection.

(c) Notify all named defendants by certified mail, return receipt requested, whether or not qualified under the provisions of this Part, that a filing has been made against them and request made for the formation of a medical review panel; and forward a copy of the proposed complaint to each named defendant at his last and usual place of residence or his office.

If, within forty-five days after the LPCF sends a confirmation in accordance with the foregoing requirements, the claimant fails to pay the full filing fee, the request for review panel is invalid and without effect. More importantly, the filing of a complaint does not interrupt prescription if the claimant fails to pay the appropriate filing fee. Louisiana Revised Statutes 40:1399.47(A)(1)(e) provides:

Failure to comply with the provisions of Subparagraph (c) or (d) of this Paragraph within the specified forty-five day time frame in Subparagraph (c) of this Paragraph shall render the request for review of a malpractice claim invalid and without effect. Such an invalid request for review of a malpractice claim shall not suspend time within which suit must be instituted in Subparagraph (2)(a) of this Subsection.

In the present case, the complaint was filed with the Division of Administration on July 1, 2009, complaining of alleged medical malpractice occurring almost one year earlier, between June 27, 2008 and July 4, 2008. The complaint named two defendants, but only tendered a one-hundred-dollar filing fee.

The LPCF mailed confirmation, which complied with La.R.S. 40:1299.47(A)(3), to counsel for Rideaux on July 6, 2009. The confirmation advised counsel that the filing fee was deficient and that if the appropriate fee was not paid within forty-five days, the filing would be without effect. The forty-five

day deadline passed on August 20, 2009. Despite the statutory requirements and the notice, Rideaux failed to tender the appropriate filing fee on or before the deadline.

In *In Re Ouder*, 07-1266, p. 12 (La.App. 1 Cir. 05/02/08), 991 So.2d 58, 66, the court noted,

> The statute could not be more clear: failure to pay the filing fees within the allotted time period **shall** render the request for review of a malpractice claim invalid and without effect, and such an invalid request **shall not** suspend the time within which suit must be instituted.

In the present case, it is undisputed that the complaint named two defendants and that the required filing fee was two hundred dollars. Rideaux failed to pay the appropriate fee. She was notified of this failure by the LPCF, which also notified her that failure to remit the appropriate fee within forty-five days would render her filing invalid. Despite the clear and unequivocal notice, Rideaux failed to pay the filing fee prior to the deadline. Accordingly, prescription was not interrupted and Rideaux's claim prescribed.

Therefore, the July 1, 2009 complaint did not interrupt prescription. Rideaux did not take any step to attempt to address this issue until June 17, 2010. The trial court correctly ruled that Rideaux's claim was prescribed.

## CONCLUSION

The attempt to revive the medical malpractice claim on June 17, 2010, was not timely. The appropriate filing fee was not paid within forty-five days of the confirmation of receipt of the complaint, which made the complaint invalid and without effect. The filing of the complaint did not interrupt prescription for the alleged medical malpractice, which occurred between June 27, 2008 and July 4, 2008. The claim prescribed one year after the alleged malpractice. Whatever claims Rideaux may have had against Dr. Jones have prescribed.

5

Costs of this appeal are assessed to Rideaux.

**AFFIRMED.**