IN RE: MEDICAL REVIEW PANEL FOR THE CLAIM OF CECILY RAE CRANE

NO. 20-CA-259

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 786-641, DIVISION "P"
HONORABLE LEE V. FAULKNER, JR., JUDGE PRESIDING

April 22, 2021

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Robert A. Chaisson, and Hans J. Liljeberg

<u>**AFFIRMED**</u>
**JGG**
**RAC**
**HJL**

COUNSEL FOR PLAINTIFF/APPELLANT,
CECILY RAE CRANE
    Brian E. Sevin, Sr.
    Christopher J. Stahulak

COUNSEL FOR DEFENDANT/APPELLEE,
OLGA KRIVITSKY, M.D.
    Stephen M. Pizzo
    Elicia D. Ford
    Carolan D. Luning

**GRAVOIS, J.**

In this medical malpractice case, plaintiff/appellant, Cecily Rae Crane, appeals a final judgment that sustained a peremptory exception of prescription filed by defendant/appellee, Dr. Olga Krivitsky, and dismissed her medical malpractice claims against Dr. Krivitsky with prejudice. For the reasons that follow, we affirm.

### FACTS AND PROCEDURAL HISTORY

On July 6, 2018, Cecily Rae Crane filed a request for a medical review panel with the Division of Administration ("DOA"), alleging malpractice by Dr. Barrett Day, Dr. Cassandra Williams, Dr. Olga Krivitsky, and Advanced Medical Center Uptown, LLC. In the request, Ms. Crane alleged that as a result of a slip and fall accident which occurred "[o]n or about September 18, 2015," she sustained soft tissue injuries to her neck, back, left hip, and wrists. She also alleged that on January 19, 2016, Dr. Krivitsky determined that Ms. Crane was a candidate for trigger point injections, and that from January 21, 2016 until September 27, 2016, she received "an extraordinary number of injections." Following this treatment, Ms. Crane alleged that she began experiencing severe hair loss, weight gain, depression, anxiety, severe lethargy, mental fogginess, and severe and irregular menstrual periods. Though she informed Dr. Krivitsky of these symptoms, Ms. Crane alleged that Dr. Krivitsky never indicated that the trigger point injections could have caused or were related to her symptoms and never changed her treatment regimen. On July 10, 2017, Ms. Crane was informed by another physician that the trigger point injections might be the cause of her symptoms.

On September 23, 2018, the Patient's Compensation Fund ("PCF") sent Ms. Crane a certified letter advising her that on July 17, 2018, it had informed her that she had forty-five days to remit a filing fee of $300.00 in accordance with "La. R.S. 40:1231.8[A](1)(c)" and that the failure to comply with the request for

payment would render her request for review "invalid and without effect."[1]  In the letter, the PCF stated that it had not received the filing fees due, and thus Ms. Crane's request for review was considered "invalid and without effect."

Subsequently, on October 17, 2018, Ms. Crane filed another request for a medical review panel with the DOA.  In this second request, Ms. Crane again named Dr. Williams, Dr. Krivitsky, and Advanced Medical Center Uptown, LLC as defendants, and made the same allegations of malpractice as she had done in her original request.  Additionally, she stated that after filing her original request, she received a letter on August 13, 2018 from the DOA notifying her that Dr. Day was not a qualified provider.  She alleged that under La. R.S. 40:1231.8(A)(2)(a),[2] she was allowed ninety days from receipt of that letter to institute an action against Dr. Day and any joint and solidary obligors and/or joint tortfeasors.  Because the ninety-day delay had not yet expired and since the defendants named in the second request are joint and solidary obligors and/or joint tortfeasors, she alleged that her right to bring the action was maintained.

On June 13, 2019, Dr. Krivitsky filed a peremptory exception of prescription, requesting that the medical malpractice claims brought against her be dismissed as untimely.  She argued that in accordance with La. R.S. 40:1231.8, Ms. Crane's original request for review was invalid and without effect because she failed to pay the required filing fee, and thus the prescriptive period was not suspended with its filing.  As such, Ms. Crane's second request for review filed on October 17, 2018 was prescribed on its face because it was filed more than two

_____

[1] Although neither the July 17, 2018 letter from the PCF, nor a certificate of its mailing or receipt, were introduced into evidence, Ms. Crane does not dispute that she failed to pay the filing fee within the forty-five-day deadline.

[2] Throughout the record and in this appeal, Ms. Crane references La. R.S. 40:1299.47(A)(2)(a). La. R.S. 40:1299.47(A)(2)(a) was redesignated as La. R.S. 40:1231.8(A)(2)(a) by H.C.R. No. 84 of the 2015 Regular Session.  For ease of reference, we will reference the current statutory designation in this opinion.

years after the alleged negligent treatment occurred and more than a year from the date Ms. Crane allegedly discovered the malpractice.

In opposition, Ms. Crane argued that La. R.S. 40:1231.8(A)(2)(a) allows for additional extensions of the applicable prescriptive period where a request for a medical review panel results in the DOA advising the plaintiff that a named defendant was not a qualified provider. Ms. Crane argued that when she was notified on August 13, 2018 that Dr. Day was not a qualified provider, she was allowed ninety days to bring an action against any joint and solidary obligors and/or joint tortfeasors, during which time prescription would be suspended. Within ninety days thereof, on October 17, 2018, she filed a timely request against joint and solidary obligors, including Dr. Krivitsky.

Following a hearing on September 25, 2019, the trial court signed a written judgment on October 1, 2019 sustaining the peremptory exception of prescription and dismissing all claims against Dr. Krivitsky with prejudice.

On October 11, 2019, Ms. Crane filed a motion for a new trial. Following a hearing on February 4, 2020, the trial court signed a judgment on February 12, 2020 denying the motion for a new trial. The trial court found that the peremptory exception of prescription was amply supported by the facts and the law, and Ms. Crane did not satisfy her burden of showing that the judgment was clearly contrary to the law and the evidence. This appeal followed.

On appeal, Ms. Crane argues that the trial court erred in finding that her action was prescribed. She raises the same arguments as she did in the trial court, specifically that after timely filing her original request for review, she had an additional ninety days from the time she was notified that Dr. Day was not a qualified provider, during which time prescription would be suspended, to bring an action against any joint and solidary obligors and/or joint tortfeasors pursuant to La. R.S. 40:1231.8(A)(2)(a). Ms. Crane argues that she filed her second request on

October 17, 2018, within the ninety-day period. She also contends that the Louisiana Supreme Court's decision in *Milbert v. Answering Bureau, Inc.*, 13-0022 (La. 6/28/13), 120 So.3d 678, is instructive.

## LAW AND ANALYSIS

At the heart of this matter is Louisiana Revised Statute 40:1231.8, which provides, in pertinent part:

> A. (1)(a) All malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided for in this Section. The filing of a request for review by a medical review panel as provided for in this Section shall not be reportable by any health care provider, the Louisiana Patient's Compensation Fund, or any other entity to the Louisiana State Board of Medical Examiners, to any licensing authority, committee, or board of any other state, or to any credentialing or similar agency, committee, or board of any clinic, hospital, health insurer, or managed care company.
>
> * * *
>
> (c) *A claimant shall have forty-five days from the date of receipt by the claimant of the confirmation of receipt of the request for review in accordance with Subparagraph (3)(a) of this Subsection to pay to the board a filing fee in the amount of one hundred dollars per named defendant qualified under this Part.*
>
> (d) Such filing fee may be waived only upon receipt of one of the following:
>
>> (i) An affidavit of a physician holding a valid and unrestricted license to practice his specialty in the state of his residence certifying that adequate medical records have been obtained and reviewed and that the allegations of malpractice against each defendant health care provider named in the claim constitute a claim of a breach of the applicable standard of care as to each named defendant health care provider.
>>
>> (ii) An in forma pauperis ruling issued in accordance with Code of Civil Procedure Article 5181 et seq. by a district court in a venue in which the malpractice claim could properly be brought upon the conclusion of the medical review panel process.
>
> (e) *Failure to comply with the provisions of Subparagraph (c) or (d) of this Paragraph within the specified forty-five day*

*time frame in Subparagraph (c) of this Paragraph shall render the request for review of a malpractice claim invalid and without effect. Such an invalid request for review of a malpractice claim shall not suspend time within which suit must be instituted in Subparagraph (2)(a) of this Subsection.*

\* \* \*

(2)(a) *The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the medical review panel, in the case of those health care providers covered by this Part, or in the case of a health care provider against whom a claim has been filed under the provisions of this Part, but who has not qualified under this Part, until ninety days following notification by certified mail to the claimant or his attorney by the board that the health care provider is not covered by this Part. The filing of a request for review of a claim shall suspend the running of prescription against all joint and solidary obligors, and all joint tortfeasors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the subject of the request for review.* Filing a request for review of a malpractice claim as required by this Section with any agency or entity other than the division of administration shall not suspend or interrupt the running of prescription. All requests for review of a malpractice claim identifying additional health care providers shall also be filed with the division of administration.

(b)(i) The request for review of a malpractice claim under this Section shall be deemed filed on the date the request is:

(aa) Sent, if the request is electronically sent by facsimile transmission or other authorized means, as provided by R.S. 9:2615(A), to the division of administration.

(bb) Mailed, if the request is delivered by certified or registered mail to the division of administration.

(cc) Received, if the request is delivered to the division of administration by any means other than as provided by Subitem (aa) or (bb) of this Item.

(ii) Upon receipt, the request shall be stamped with the filing date and certified by the division of administration. *Filing of the request shall be complete only upon timely compliance with the provisions of Subparagraph (1)(c) or (d) of this Subsection.* Upon receipt of any request, the division of administration shall forward a copy of the request to the board within five days of receipt.

\* \* \*

(Emphasis added.)

Ordinarily, the exceptor bears the burden of proof at trial of the peremptory exception, including prescription. *Woods v. Cousins*, 12-100 (La. App. 5 Cir. 10/16/12), 102 So.3d 977, 979, *writ denied*, 12-2452 (La. 1/11/13), 107 So.3d 617. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed. *Id*. Evidence may be introduced to support or controvert an exception of prescription. *Id*. at 978; La. C.C.P. art. 931.

When an exception of prescription is filed during the medical review panel stage of the proceedings, the request for a medical review panel is considered the petition to be reviewed for timeliness. *Primus v. Touro Infirmary*, 05-662 (La. App. 4 Cir. 1/25/06), 925 So.2d 609, 610; *In re Medical Review Panel Proceedings of Ouder*, 07-1266 (La. App. 1 Cir. 5/2/08), 991 So.2d 58, 60.

Louisiana Revised Statute 9:5628(A) provides that the prescriptive period for a medical malpractice action is one year from the date of the alleged act or one year from the date of discovery, with the qualification that the discovery rule is made inapplicable after three years from the act or omission. *Campo v. Correa*, 01-2707 (La. 6/21/02), 828 So.2d 502, 514; *Jimerson v. Majors*, 51,097 (La. App. 2 Cir. 1/11/17), 211 So.3d 651, 655.

Both the filing of the request for review and the payment of the filing fee required by La. R.S. 40:1231.8(A)(1)(c) are "inexorably joined"; hence, the request for review is not considered to be filed until the claimant pays the filing fee. *Med. Review Complaint by Downing*, 18-1027 (La. App. 4 Cir. 5/8/19), 272 So.3d 55, *writs denied*, 19-00939, 19-00929 (La. 9/24/19), 278 So.3d 979, and *writs denied*, 19-00943, 19-00938 (La. 9/24/19), 279 So.3d 936; *In re Herring*, 07-1087 (La. App. 3 Cir. 1/30/08), 974 So.2d 924, 926. Failure to pay the filing fees within the

allotted time period shall render the request for review of a malpractice claim invalid and without effect, and such an invalid request shall not suspend the time within which suit must be instituted. *In re Med. Review Panel Proceedings of Ouder*, *supra*, 991 So.2d at 66.

Ms. Crane alleged in her requests for review that she received her last trigger point injection on September 27, 2016, but she did not discover the alleged malpractice until July 10, 2017, when she was informed for the first time that the trigger point injections could be the cause of her symptoms. Her initial request for review was filed within a year of July 10, 2017, on July 6, 2018. Pursuant to La. R.S. 40:1231.8(A)(1)(c), Ms. Crane was required to pay a filing fee of $100.00 per named defendant qualified under the Medical Malpractice Act and was notified by the PCF that a filing fee of $300.00 was due. It is undisputed that Ms. Crane failed to pay the filing fee of $300.00, including the $100.00 due as to her claim against Dr. Krivitsky. Ms. Crane's second request for review filed on October 17, 2018 was filed more than a year after the date she states she discovered Dr. Krivitsky's alleged malpractice. Consequently, her second request for review is prescribed on its face and the burden is on Ms. Crane to show that her claims are not prescribed.

Ms. Crane attempts to meet her burden by arguing that prescription was suspended against Dr. Krivitsky by the filing of her first request for review on July 6, 2018, pursuant to La. R.S. 40:1231.8(A)(2)(a). She argues that reading the statute as written, her second request for review was timely because she was allowed ninety days from when she was notified that Dr. Day was not a qualified provider to bring an action against any joint and solidary obligors and/or joint tortfeasors, including Dr. Krivitsky. Ms. Crane contends that prescriptive statutes must be narrowly construed against prescription and in favor of preserving the claim.

Upon review, we find Ms. Crane's arguments on appeal to be without merit. La. R.S. 40:1231.8(A)(1)(e) clearly states that the failure to pay the filing fee within the specified time frame renders the request for review "invalid and without effect", and that such an invalid request for review "shall not suspend" the time within which suit must be instituted under La. R.S. 40:1231.8(A)(2)(a). Because the original request for review was invalid and without effect as to Dr. Krivitsky, in accordance with La. R.S. 40:1231.8(A)(1)(e), prescription was not suspended with respect to Dr. Krivitsky pursuant to La. R.S. 40:1231.8(A)(2)(a).[3]

In *Kirt v. Metzinger*, 19-1162 (La. 4/3/20), ⸺ So.3d ⸺, 2020 WL 1671571, *reh'g denied*, 19-01162 (La. 7/9/20), 298 So.3d 168, the Louisiana Supreme Court analyzed La. R.S. 40:1231.8 to find that when a claimant or plaintiff fails to timely pay the $100.00 filing fee as to a defendant named in a request for a medical review panel, the request for review as to that defendant, and not all named defendants, is "invalid and without effect." While the Supreme Court did not specifically address the argument made by Ms. Crane on appeal, we find *Kirt* relevant to her argument and directly applicable to the present case.

In *Kirt*, the plaintiffs' mother died as a result of complications following an eye surgery. *Id.*, 2020 WL 1671571 at **1. Within a year of the alleged malpractice, the plaintiffs timely filed a request for a medical review panel against three defendants. More than a year after the alleged malpractice, the plaintiffs subsequently amended their request, adding Pauline Taquino and an "Unidentifiable CRNA" and provided a check for $500.00 "to cover the filing fee of this request for medical review panel." *Id.* at **2. One month later, the plaintiffs filed a second amended request, adding Parish Anesthesia, the employer of the unidentifiable CRNA, as a defendant since they were unable to identify the

---

[3] In this appeal, the only issue under review is whether Ms. Crane's alleged claims against Dr. Krivitsky are prescribed. The question of whether prescription was suspended as to Ms. Crane's claims against Dr. Day and/or any other parties is not before us in this appeal.

CRNA. Thereafter, within three years of the alleged malpractice, the plaintiffs identified Gayle Martin as the unknown CRNA and requested that she be added as an additional defendant. In response, the PCF requested payment of a $100.00 filing fee. When the plaintiffs failed to pay the $100.00 filing fee, they were notified by the PCF that their request for review was invalid and without effect as to Ms. Martin. *Id*. at **3. After the medical review panel rendered its opinion, the plaintiffs filed suit within 90 days against all the defendants, including Ms. Martin.[4] In response, Ms. Martin, Ms. Taquino, and Parish Anesthesia filed peremptory exceptions of prescription. *Id*. at **4. The trial court granted the exceptions and found that because the plaintiffs owed a filing fee of $600.00 but only paid $500.00, their request was invalid and without effect, resulting in *all* claims prescribing. The trial court dismissed the claims against Ms. Martin, Ms. Taquino, and Parish Anesthesia. The court of appeal affirmed. *Id*. at **5.

After interpreting and analyzing La. R.S. 40:1231.8(A)(1)(c), (e), and (g), the Supreme Court found that the "failure to timely pay a filing fee invalidates only the request to review a malpractice claim against the specific qualified healthcare provider for whom no fee was timely paid." *Id*. at **9-10. Accordingly, because it was undisputed that the plaintiffs failed to pay the $100.00 filing fee as to Ms. Martin, the Court found that the request for review against Ms. Martin was invalid and without effect, resulting in that claim prescribing. The Supreme Court affirmed the dismissal of the claims against Ms. Martin. However, as to Ms. Taquino and Parish Anesthesia, the Supreme Court reversed and remanded the matter to the trial court, after finding that the trial court did not consider or decide the merits on an alternative basis made by the defendants, which could turn on factual findings. Specifically, the Supreme Court noted that Ms. Taquino and

---

[4] The claims against the three defendants named in the initial request for review were subsequently dismissed by summary judgment.

Parish Anesthesia argued in the alternative that the claims against them were prescribed because they were filed more than a year after Ms. Kirt died. Further they noted that while claims were timely brought against the three originally named defendants, those defendants were dismissed by summary judgment. Thus, they argued that those defendants were not joint and solidary obligors with Ms. Taquino and Parish Anesthesia and the timely-filed claims against those first-named defendants therefore did not interrupt prescription pursuant to La. R.S. 40:1231.8(A)(2)(a). *Id*. at **13-15.

Because the plaintiffs in *Kirt* failed to pay the filing fee of $100.00 as to Ms. Martin, the Supreme Court found that the request for review as to Ms. Martin was invalid and without effect and their claims against Ms. Martin were prescribed, irrespective of the fact that it also determined that the outcome of the prescription dispute as to Ms. Taquino and Parish Anesthesia was not yet resolved. Thus, in our view, by finding that the claims against Ms. Martin were prescribed without waiting on the resolution of the prescription issues as to the claims against Ms. Taquino and Parish Anesthesia, the Supreme Court, by implication, established the principle that once a request for review as to a defendant is deemed invalid and without effect due to the plaintiff's failure to timely pay the filing fee as to that defendant, claims against that defendant cannot not be revived by relying upon the "joint and solidary obligor" provision of La. R.S. 40:1231.8(A)(2)(a). If a claim could be revived by way of this statute, the Supreme Court surely would have waited to resolve the prescription dispute as to Ms. Martin until after the prescription issues as to Ms. Taquino and Parish Anesthesia were resolved—since, if the claims against Ms. Taquino and Parish Anesthesia were ultimately found to be timely and not prescribed, then, by way of La. R.S. 40:1231.8(A)(2)(a), prescription arguably could be suspended as to any joint and solidary obligors, possibly including Ms. Martin.

Applying this principle to the present case, we find that Ms. Crane's failure to pay the $100.00 filing fee as to Dr. Krivitsky rendered the request for review against Dr. Krivitsky invalid and without effect resulting in her claims against Dr. Krivitsky prescribing. In accordance with *Kirt*, we find that the claims against Dr. Krivitsky could not subsequently be revived by relying on the claim filed against Dr. Day or anyone else pursuant to La. R.S. 40:1231.8(A)(2)(a).

Ms. Crane argues on appeal that the Supreme Court's decision in *Milbert* is instructive since the Supreme Court found the language of La. R.S. 40:1231.8(A)(2)(a) to be clear and warned against a limited reading of the prescriptive period unsupported by the clear language of the statute. In *Milbert*, the plaintiff timely filed a request for a medical review panel against several qualified health care providers. *Milbert*, 120 So.3d at 680-81. More than a year after the alleged negligence, the plaintiff amended his request for review to add a defendant, Dexcomm, a physician answering service. *Id*. at 681. Subsequently, the plaintiff was notified that Dexcomm was not a qualified health care provider, and thereafter, the plaintiff filed suit against Dexcomm in the district court. *Id*. Dexcomm filed a motion for summary judgment arguing that the plaintiff's suit was prescribed because it was filed after expiration of the one-year prescriptive period applicable to a negligence action. *Id*. The Supreme Court found the suit was not prescribed because "a non-health care provider may be a joint tortfeasor with a health care provider against whom a medical malpractice complaint has been filed, such that suspension of the time limitations for filing suit under [La. R.S. 40:1231.8(A)(2)(a)] may apply to filing of suit against a non-health care provider." *Id*. at 689.

*Milbert* is distinguishable from the present case. *Milbert* did not involve the failure to timely pay a filing fee. It is undisputed that the original request for review in *Milbert* had been timely filed against several qualified health care

providers and the appropriate filing fees with respect to the qualified health care providers had been timely paid. In the present case, Dr. Krivitsky was a qualified health care provider named as a defendant in the medical review panel request. However, because the required filing fee was not paid, the request was "invalid and without effect" as to Dr. Krivitsky, and thus, as shown above, prescription was not suspended as to Dr. Krivitsky.

In summary, we find that Ms. Crane's original request for review against Dr. Krivitsky is invalid and without effect as to Dr. Krivitsky due to Ms. Crane's failure to timely pay the required filing fee. Prescription was thus not suspended as to Dr. Krivitsky by the filing of Ms. Crane's original request for review. We also find that Ms. Crane's second request for review filed on October 17, 2018 is prescribed on its face as to Dr. Krivitsky. The burden then shifted to Ms. Crane to show that the action as to Dr. Krivitsky has not prescribed. *Woods v. Cousins*, *supra*. For the above-stated reasons, we find that Ms. Crane has failed to carry her burden of showing that the action as to Dr. Krivitsky has not prescribed. Therefore, considering the particular facts and circumstances of this case, we find that the trial court did not err in sustaining Dr. Krivitsky's peremptory exception of prescription and in dismissing Ms. Crane's claims against Dr. Krivitsky with prejudice.

## DECREE

For the foregoing reasons, the judgment of the trial court sustaining Dr. Krivitsky's peremptory exception of prescription is affirmed.

## AFFIRMED

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **APRIL 22, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-CA-259

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. LEE V. FAULKNER, JR. (DISTRICT JUDGE)
BRIAN E. SEVIN, SR. (APPELLANT)     CHRISTOPHER J. STAHULAK (APPELLANT)     CAROLAN D. LUNING (APPELLEE)
ELICIA D. FORD (APPELLEE)

**MAILED**
STEPHEN M. PIZZO (APPELLEE)
ATTORNEY AT LAW
3421 NORTH CAUSEWAY BOULEVARD
SUITE 900
METAIRIE, LA 70002